IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KAZADI BIG MUSUNGAYI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-543-GKF-SAJ |
| | ) | |
| BUDDY ROBERTS and ANDY MOORE, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on the Motions to Dismiss of defendants Buddy Roberts ("Roberts") and Andy Moore ("Moore"). [Docket Nos. 8, 10]. Roberts and Moore seek dismissal because the Court does not have subject matter jurisdiction over this action.

In his Complaint, plaintiff Kazadi Big Musungayi ("Musungayi") states that he is an Oklahoma citizen and that defendants Buddy Roberts and Andy Moore are Oklahoma citizens. Musungayi alleges that Allstate appraiser Roberts sent him to a specified auto repair facility "with the understanding that my insurance would cover the cost of reparation." Musungayi alleges his car is being withheld and that he has been asked to pay a deductible in the amount of $1,000.00. Musungayi requests the return of his car and damages.

Plaintiff appears in this case *pro se*. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). Two statutory bases for federal subject-matter jurisdiction exist – diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. *Nicodemus v. Union Pacific Corp.*, 318 F.3d

1231, 1235 (10th Cir. 2003). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Furthermore, since federal courts are courts of limited jurisdiction, the court must "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Karnes v. Boeing Co.*, 335 F.3d 1189, 1194 (10th Cir. 2003) citing *U.S. ex rel Hafter D.O. v. Spectrum Emergency Care Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1990).

Federal-question jurisdiction exists for all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. Musangayi's Complaint, even liberally construed, does not raise a federal question.

A case falls within a federal court's diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.* only if there is no plaintiff and no defendant who are citizens of the same State. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In this case, Musungayi alleges that he and defendant Roberts and Moore are all citizens of Oklahoma. Diversity jurisdiction does not exist. In his response brief, Musungayi notes that he and defendants have different national origins and racial backgrounds. Such matters are not considerations in determining whether diversity jurisdiction exists.

Musungayi argues in his response that by seeking dismissal defendants are actually requesting the Court "pass judgment" in this case. The Court's determination that subject matter jurisdiction is lacking is not a decision on the merits of Musungayi's claims. The Court concludes only that Musungayi has not met his burden to establish jurisdiction in federal court. This determination does not preclude an action in state court.

WHEREFORE, the Motion to Dismiss of Buddy Roberts [Docket No. 8] and the Motion to Dismiss of Andy Moore [Docket No. 10] are granted.

**IT IS SO ORDERED** dated this 17th day of January 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma